Daniel **GIRARD**, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

**TOYOTA MOTOR SALES, U.S.A., INC.**, Defendant–Appellee.

No. 07–56534.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2008.[*]

Filed Nov. 24, 2008.

---

Charles H. Cooper, Esquire, Rex H. Elliott, Esquire, Cooper & Elliott, LLC, Columbus, OH, Evan Jason Smith, Esquire, Brodsky & Smith, LLC, Bala Cynwyd, PA, for Plaintiff–Appellant.

Thomas Riordan, Esquire, O'Melveny & Myers, LLP, Newport Beach, CA, for Defendant–Appellee.

Before: GRABER and CLIFTON, Circuit Judges, and REED,** District Judge.

## MEMORANDUM ***

Daniel Girard appeals from the district court's order granting Toyota Motor Sales, U.S.A., Inc.'s motion to dismiss for failure to state a claim. We affirm.

Girard's claims under California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") are governed by the "reasonable consumer" test, requiring him to "show that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir.2008) (internal quotation omitted); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351, 8 Cal.Rptr.3d 22, 29 (2003). "The likely to be deceived standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *People ex rel. Dep't of Motor Vehicles v. Cars 4 Causes*, 139 Cal.App.4th 1006, 43 Cal.Rptr.3d 513, 521 (2006) (internal quotation omitted). Girard's negligent misrepresentation claim likewise hinges on the reasonable consumer standard since justifiable reliance cannot be established if reasonable consumers would not rely on the purported misrepresentation. *See Glen Holly Entm't, Inc. v.*

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Tektronix, Inc.,* 352 F.3d 367, 379 (9th Cir.2003).

■ The district court correctly determined that Girard's allegations failed to state an UCL,[1] CLRA, or negligent misrepresentation claim because a reasonable consumer would not be misled by Toyota's statements.[2] Each of the two-page documents at issue includes numerous eligibility disclaimers and recommendations to seek professional tax advice, which put readers on notice of hybrid tax credit restrictions. *See Freeman v. Time, Inc.,* 68 F.3d 285, 289–90 (9th Cir.1995). As a result, reasonable consumers would not be deceived by the advertisements underlying each of Girard's claims. *See id.; see also Williams,* 523 F.3d at 939 (noting that an "advertisement itself [can] ma[k]e it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived").

■ Girard's unjust enrichment claim also fails since Toyota's non-deceptive advertising does not entitle him to restitutionary relief. *See, e.g., Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal.App.4th 1544, 62 Cal.Rptr.3d 177, 188 (2007) (finding unjust enrichment claims based on the same facts failing to state an UCL claim must fail).

**AFFIRMED.**

---

1. We do not decide whether Girard lacks standing to sue under the UCL given his allegations fail to state a claim as a matter of law.

2. Girard cannot prevail under Rule 8 pleading standards, so it is not necessary to determine whether his claims must meet Rule 9(b) heightened pleading requirements.